

**United States District Court**
For the Northern District of California

1

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

YU LIANG CHEN,                      No. C 05-2132 MJJ

10

         Petitioner,

11                             **ORDER OF DISMISSAL**

   v.

12

13 MICHAEL CHERTOFF, ET AL.,

14          Respondents.
                                   /

15

16       On May 24, 2005, Petitioner Yu Liang Chen filed an application for a temporary restraining

17 order to stay his removal from the country, scheduled for 10:00 a.m. on May 25, 2005, pending

18 ruling on his concurrently-filed petition for a writ of habeas corpus. On May 25, 2005, Petitioner

19 reported, as ordered, to the Department of Homeland Security ("DHS"). Because Petitioner did not

20 have the appropriate travel documents to effect his removal, DHS took Petitioner into custody until

21 such documents can be obtained and his removal can be effected. On May 27, 2005, Petitioner filed

22 an amended application for a temporary restraining order to release him from Government custody

23 pending ruling in his amended petition for a writ of habeas corpus challenging that detention. The

24 Court hereby **DISMISSES** the action for lack of jurisdiction.

25       Pursuant to section 106(a) of the newly-enacted Real ID Act of 2005, Pub. L. No. 109-12,

26 Div. B, 119 Stat. 231, federal district courts no longer have jurisdiction to review removal orders

27 through a § 2241 habeas petition or otherwise. Section 106(a) expressly amends § 242 of the

28 Immigration and Nationality Act, 8 U.S.C. § 1252(a), and provides that U.S. Courts of Appeals shall

Dockets.Justia.com

United States District Court

For the Northern District of California

1  be the sole and exclusive means for judicial review of orders of removal.  Pursuant to section 106(a)

2  of the Real IDE Act, the court finds that it lacks jurisdiction over Petitioner's removal challenge.

3       The Court reaches a similar conclusion with respect to Petitioner's detention challenge, as set

4  forth in his amended TRO application and amended habeas petition.   The detention challenged here

5  is part and parcel of the removal proceedings that Petitioner challenges in his original TRO request

6  and habeas petition.  The Real ID Act of 2005, as discussed *supra*, withdraws jurisdiction from

7  federal district courts over habeas petitions challenging orders of removal.  Accordingly, the Court

8  lacks jurisdiction over Petitioner's related detention challenge as well.

9       However, Petitioner also argues that his original TRO application and habeas petition do not

10  only challenge an order of removal, but also challenge the DHS' rejection of Petitioner's application

11  for adjustment of status.  8 C.F.R. Part 245.2(a) contains the regulations governing adjustment of

12  status and states: "After an alien . . . is in deportation or removal proceedings, his or her application

13  for adjustment of status under section 245 of the Act . . . shall be made and considered only in those

14  proceedings."

15       In considering this issue, the DHS explained that, pursuant to 8 C.F.R. Part 245.2(a), it

16  lacked jurisdiction over Petitioner's adjustment application because Petitioner was already in

17  deportation proceedings pursuant to an order of removal.  The Court agrees that 8 C.F.R. Part

18  245.2(a) inextricably binds Petitioner's adjustment of status challenge to his prior removal

19  proceedings.  Thus, the Court must construe the instant petition as a challenge to the removal order.

20  Therefore, while the Court recognizes the subtle distinction between challenging a removal order

21  and challenging an adjustment of status determination, the Court finds that this is ultimately a

22  distinction without a difference in the context of this case.  Because the Court lacks jurisdiction over

23  Petitioner's removal challenge, it also lacks jurisdiction over his current application for adjustment

24  of status.

25       Lacking jurisdiction over Petitioner's original and amended applications for a temporary

26  restraining order and over his original and amended petitions for a writ of habeas corpus, the Court

27  **DISMISSES** Petitioner's action with prejudice.

28       The Clerk of Court shall close the file.

**United States District Court**
For the Northern District of California

1

2

3

4          **IT IS SO ORDERED.**

5

Dated: May __31__, 2005

6                                                              /s/
                                                              MARTIN J. JENKINS
7                                                              UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28