IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

YU LIANG CHEN,

    Petitioner,

v.

MICHAEL CHERTOFF, ET AL.,

    Respondents.

No.  C 05-2132 MJJ

**ORDER OF DISMISSAL**

On May 24, 2005, Petitioner Yu Liang Chen filed an application for a temporary restraining order to stay his removal from the country, scheduled for 10:00 a.m. on May 25, 2005, pending ruling on his concurrently-filed petition for a writ of habeas corpus.  On May 25, 2005, Petitioner reported, as ordered, to the Department of Homeland Security ("DHS").  Because Petitioner did not have the appropriate travel documents to effect his removal, DHS took Petitioner into custody until such documents can be obtained and his removal can be effected.  On May 27, 2005, Petitioner filed an amended application for a temporary restraining order to release him from Government custody pending ruling in his amended petition for a writ of habeas corpus challenging that detention.  The Court hereby **DISMISSES** the action for lack of jurisdiction.

Pursuant to section 106(a) of the newly-enacted Real ID Act of 2005, Pub. L. No. 109-12, Div. B, 119 Stat. 231, federal district courts no longer have jurisdiction to review removal orders through a § 2241 habeas petition or otherwise.  Section 106(a) expressly amends § 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252(a), and provides that U.S. Courts of Appeals shall

1  be the sole and exclusive means for judicial review of orders of removal.  Pursuant to section 106(a)
2  of the Real IDE Act, the court finds that it lacks jurisdiction over Petitioner's removal challenge.

3      The Court reaches a similar conclusion with respect to Petitioner's detention challenge, as set
4  forth in his amended TRO application and amended habeas petition.   The detention challenged here
5  is part and parcel of the removal proceedings that Petitioner challenges in his original TRO request
6  and habeas petition.  The Real ID Act of 2005, as discussed *supra*, withdraws jurisdiction from
7  federal district courts over habeas petitions challenging orders of removal.  Accordingly, the Court
8  lacks jurisdiction over Petitioner's related detention challenge as well.

9      However, Petitioner also argues that his original TRO application and habeas petition do not
10 only challenge an order of removal, but also challenge the DHS' rejection of Petitioner's application
11 for adjustment of status.  8 C.F.R. Part 245.2(a) contains the regulations governing adjustment of
12 status and states: "After an alien . . . is in deportation or removal proceedings, his or her application
13 for adjustment of status under section 245 of the Act . . . shall be made and considered only in those
14 proceedings."

15     In considering this issue, the DHS explained that, pursuant to 8 C.F.R. Part 245.2(a), it
16 lacked jurisdiction over Petitioner's adjustment application because Petitioner was already in
17 deportation proceedings pursuant to an order of removal.  The Court agrees that 8 C.F.R. Part
18 245.2(a) inextricably binds Petitioner's adjustment of status challenge to his prior removal
19 proceedings.  Thus, the Court must construe the instant petition as a challenge to the removal order.
20 Therefore, while the Court recognizes the subtle distinction between challenging a removal order
21 and challenging an adjustment of status determination, the Court finds that this is ultimately a
22 distinction without a difference in the context of this case.  Because the Court lacks jurisdiction over
23 Petitioner's removal challenge, it also lacks jurisdiction over his current application for adjustment
24 of status.

25     Lacking jurisdiction over Petitioner's original and amended applications for a temporary
26 restraining order and over his original and amended petitions for a writ of habeas corpus, the Court
27 **DISMISSES** Petitioner's action with prejudice.

28     The Clerk of Court shall close the file.

2

1
2
3
4   **IT IS SO ORDERED.**
5
    Dated: May __31__, 2005
6
                                                      /s/
7                                                     MARTIN J. JENKINS
                                                      UNITED STATES DISTRICT JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
For the Northern District of California

3